IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ARTHUR STOKES JR.,

                    Plaintiff,

vs.                                    Case No. 15-1161-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

                    Defendant.


MEMORANDUM AND ORDER

     This is an action reviewing the final decision of the
Commissioner of Social Security denying the plaintiff
supplemental security income payments.  The matter has been
fully briefed by the parties.

**I.  General legal standards**

     The court's standard of review is set forth in 42 U.S.C.
§ 405(g), which provides that "the findings of the Commissioner
as to any fact, if supported by substantial evidence, shall be
conclusive."  The court should review the Commissioner's
decision to determine only whether the decision was supported by
substantial evidence and whether the Commissioner applied the
correct legal standards.  Glenn v. Shalala, 21 F.3d 983, 984
(10th Cir. 1994).  Substantial evidence requires more than a
scintilla, but less than a preponderance, and is satisfied by

such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that

2

they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step

3

requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis.  Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993).   At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy.  Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993).  The Commissioner meets this burden if the decision is supported by substantial evidence.  Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC).  This RFC assessment is used to evaluate the claim at both step four and step five.  20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II.  History of case

On November 27, 2013, administrative law judge (ALJ) Susan W. Conyers issued her decision (R. at 69-80).  Plaintiff alleges that he had been disabled since September 18, 2006 (R. at 69). At step one, the ALJ found that plaintiff did not engage in substantial gainful activity since December 6, 2011, the

4

application date (R. at 71).  At step two, the ALJ found that
plaintiff had a severe combination of impairments (R. at 71).
At step three, the ALJ determined that plaintiff's impairments
do not meet or equal a listed impairment (R. at 72).  After
determining plaintiff's RFC (R. at 74), the ALJ found at step
four that plaintiff could perform past relevant work as a
telemarketer (R. at 79).  Therefore, the ALJ concluded that
plaintiff was not disabled (R. at 79-80).

**III.  Did the ALJ err in her evaluation of the medical source
opinions regarding plaintiff's mental limitations?**

     The only issue raised by plaintiff is that the ALJ erred by
failing to mention or discuss the opinions of Dr. McRoberts
regarding plaintiff's mental limitations.  An ALJ must evaluate
every medical opinion in the record.  Hamlin v. Barnhart, 365
F.3d 1208, 1215 (10th Cir. 2004).  This rule was described as a
"well-known and overarching requirement."  Martinez v. Astrue,
2011 WL 1549517 at *4 (10th Cir. Apr. 26, 2011).  Even on issues
reserved to the Commissioner, including plaintiff's RFC and the
ultimate issue of disability, opinions from any medical source
must be carefully considered and must never be ignored.  Social
Security Ruling (SSR) 96-5p, 1996 WL 374183 at *2-3.  The ALJ
"will" evaluate every medical opinion that they receive, and
will consider a number of factors in deciding the weight to give
to any medical opinion.  20 C.F.R. §§ 404.1527(c), 416.927(c).

It is clear legal error to ignore a medical opinion.  <u>Victory v. Barnhart</u>, 121 Fed. Appx. 819, 825 (10th Cir. Feb. 4, 2005).  According to SSR 96-8p:

> The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.

1996 WL 374184 at *7.

Although an ALJ is not required to discuss every piece of evidence, the ALJ must discuss significantly probative evidence that he rejects.  <u>Clifton v. Chater</u>, 79 F.3d 1007, 1009-1010 (10th Cir. 1996).  Furthermore, the general principle that the ALJ is not required to discuss every piece of evidence does not control when an ALJ has opinion evidence from a medical source.  In such a situation, the ALJ must make clear what weight he gave to that medical source opinion.  <u>Knight v. Astrue</u>, 388 Fed. Appx. 768, 771 (10th Cir. July 21, 2010).

On April 27, 2012, Dr. McRoberts, a non-examining medical source, reviewed the records and prepared a mental RFC assessment (R. at 123-124, 127-129).  Dr. McRoberts found that plaintiff was moderately limited in 5 categories (R. at 127-129).  In his narrative discussion, which is the actual mental RFC assessment (R. at 127), Dr. McRoberts stated the following:

> …Overall, the claimant should be able to understand and remember intermediate instructions.

> Understanding and memory:  the claimant may
> have some difficulty remembering detailed
> instructions.
>
> Concentration, persistence and pace:  the
> claimant would be able to maintain his
> attention but not his concentration for
> extended periods of time.
>
> Social interaction:  the claimant would be
> limited to jobs that require infrequent
> interaction with the general public.
>
> Adaptation:  the claimant would be limited
> to jobs that do not require extensive
> independent planning and goal setting.

(R. at 129).

On August 27, 2012, Dr. Adams, a non-examining medical source, also reviewed the records and prepared a mental RFC assessment (R. at 141-142, 146-148).  Dr. Adams found that plaintiff was moderately limited in 5 categories (R. at 146-148).  In her narrative discussion, which is the actual mental RFC assessment (R. at 146), Dr. Adams stated the following:

> Understanding and memory:  the claimant may
> have some difficulty remembering detailed
> instructions.  He can complete simple tasks
> and remember simple instructions.
>
> Concentration, persistence and pace:  the
> claimant would be able to maintain his
> attention but not his concentration for
> extended periods of time.
>
> Social interaction:  the claimant would be
> limited to jobs that require infrequent
> interaction with the general public.

> Adaptation:  the claimant would be limited
> to jobs that do not require extensive
> independent planning and goal setting.

(R. at 148).

The ALJ stated the following regarding reports from state agency assessments:

> The Administrative Law Judge has also
> considered the opinion of the State agency
> reviewing physicians according to Social
> Security Ruling 96-6p.  The residual
> functional capacity determined in this
> decision differs from that of the reviewing
> physicians.  The Administrative Law Judge
> has considered the record as a whole,
> including all medical evidence as well as
> the testimony presented at the hearing, and
> the residual functional capacity found is,
> accordingly, based upon evidence that was
> not available to State agency medial
> reviewers.  As well, the Administrative Law
> Judge is required to conduct a *de novo*
> hearing and is not bound whatsoever by the
> previous disability determinations.[1]

> In reaching this conclusion, the undersigned
> has considered the opinion of state agency
> psychologist Carol Adams, Psy.D., who opined
> that the claimant would likely be capable of
> simple tasks and simple instructions.  Dr.
> Adams further opined that the claimant could
> perform work that does not require more than
> infrequent interaction with the general
> public (Exhibit D3A/16).  Overall, the
> opinion of Dr. Adams is afforded some
> weight.

---

[1] The record indicates that state agency assessments were prepared by three acceptable medical sources:  Robert McRoberts, PhD., on April 27, 2012 (R. at 123-124, 127-129) and Carol L. Adams, Psy.D., on August 27, 2012 (R. at 141-142, 146-148), who prepared mental RFC assessments, and Dr. Kaur, M.D., who prepared a physical RFC assessment on August 24, 2012 (143-146).  The ALJ never specifically discussed the opinions of Dr. McRoberts or Dr. Kaur in her decision.  Dr. Kaur indicated that plaintiff could lift 50 pound occasionally and 25 pounds frequently (medium work); the ALJ limited plaintiff to lifting 20 pounds occasionally and 10 pounds frequently (light work). Plaintiff has not raised any issue with the court regarding the plaintiff's physical RFC findings.

> The claimant's more recent treatment history
> with the Veteran's Administration does
> support some limitation in the area of
> concentration and persistence.  However, the
> overall evidence does not support that the
> claimant has significant difficulty
> maintaining adequate concentration for
> simple to intermediate tasks, or that his
> impairments would preclude full-time work.
> Further, the overall evidence shows that the
> claimant has no restrictions on his ability
> to interact with others.

(R. at 78).  The ALJ's mental RFC findings only limited

plaintiff to simple and intermediate tasks (R. at 74).

Although the ALJ discussed the assessment and opinions of

Dr. Adams, and the weight she accorded to the opinions of Dr.

Adams, the ALJ never specifically mentioned the assessment and

opinions by Dr. McRoberts, or the weight she accorded to the

opinions of Dr. McRoberts.

Defendant, in her brief, points out that the ALJ accorded

"some" weight to the opinions of Dr. Adams, and "by inference,"

to the opinions of Dr. McRoberts earlier assessment and opinions

(Doc. 18 at 6).  Even defendant does not dispute the fact that

the ALJ never expressly mentioned the assessment and opinions of

Dr. McRoberts.

The case law is clear that every medical opinion must be

evaluated by the ALJ.  When an ALJ has opinion evidence from a

medical source, the ALJ must make clear what weight he gave to

that medical source opinion.

In the case of Trujillo v. Colvin, 626 Fed. Appx. 749, 751-752 (10th Cir. Sept. 24, 2015), psychologist Dr. Madsen prepared an assessment finding that plaintiff had marked limitations in two categories.  At a hearing, Dr. Pelc was asked to comment about the assessment by Dr. Madsen.  Dr. Pelc agreed with the assessment by Dr. Madsen regarding the two marked limitations. The ALJ rejected these limitations set forth by Dr. Madsen. However, the ALJ never mentioned the testimony of Dr. Pelc that plaintiff had the two marked limitations noted by Dr. Madsen. The defendant in Trujillo argued that the ALJ would have rejected Dr. Pelc's assessment, pointing out that the ALJ had already rejected a similar assessment by Dr. Madsen.  The court held as follows:

> That is a possibility, but we do not know
> what the administrative law judge would have
> decided if he had actually evaluated Dr.
> Pelc's opinion.
>
> To indulge in the Defendant's prediction, we
> must be able to confidently conclude that no
> reasonable administrative fact-finder could
> have credited Dr. Pelc's assessment while
> rejecting Dr. Madsen's.  Allen v. Barnhart,
> 357 F.3d 1140, 1145 (10th Cir. 2004).  That
> sort of confidence is missing here.

626 Fed. Appx. at 752.  The court noted the explanation the ALJ gave for rejecting some of Dr. Madsen's opinions, and then stated:

> That explanation might not have applied to
> Dr. Pelc's assessment. The administrative

law judge referred to Dr. Pelc as a
psychiatric expert and acknowledged that Dr.
Pelc had thoroughly reviewed the medical
record [citation to record omitted].  **And
with corroboration by Dr. Pelc, the
administrative law judge may have been less
dismissive of Dr. Madsen's assessment.**

We simply do not know what the result would
have been if the administrative law judge
had discussed Dr. Pelc's opinion.  In these
circumstances, the failure to discuss that
opinion constitutes reversible error.

626 Fed. Appx. at 752 (emphasis added).

The holding in Trujillo is clearly applicable to this case.

The court simply does not know what the ALJ would have decided

if she had evaluated the opinions of Dr. McRoberts.  Although

the ALJ never mentioned the opinions of Dr. McRoberts, only Dr.

McRoberts opined that plaintiff could understand and remember

intermediate instructions.  Dr. Adams only stated that plaintiff

could complete simple tasks and remember simple instructions.

The ALJ found that plaintiff could perform simple and

intermediate instructions.  On this issue, the findings of the

ALJ accorded with the opinions of Dr. McRoberts and not Dr.

Adams.

Both Dr. McRoberts and Dr. Adams agreed that plaintiff

would be limited to jobs that require infrequent interaction

with the general public.  As the court stated in Trujillo, with

corroboration by Dr. McRoberts, the ALJ may have been less

dismissive of Dr. Adams' assessment.  At the hearing, the

vocational expert testified that a person limited to jobs that require infrequent interaction with the general public would preclude past work as a telemarketer (R. at 115).  The ALJ found that plaintiff was not disabled because plaintiff is capable of performing past relevant work as a telemarketer (R. at 79-80).

As was the case in Trujillo, the court simply does not know what the ALJ would have decided if she had discussed and evaluated the opinions of Dr. McRoberts.  In light of the fact that both Dr. McRoberts and Dr. Adams found that plaintiff was limited to jobs that require infrequent interaction with the general public, the ALJ may have been less dismissive of the assessment by Dr. Adams.  In these circumstances, the failure to discuss the opinions of Dr. McRoberts constitutes reversible error.

The court will also address another issue raised by the defendant in her brief because it may be applicable when, on remand, the ALJ considers the opinions of Dr. Adams and Dr. McRoberts.  An exact correspondence between a medical opinion and the RFC is not required.  In reaching his RFC determination, an ALJ is permitted, and indeed required, to rely on all of the record evidence, including but not limited to medical opinions in the file.  That said, in cases in which the medical opinions appear to conflict with the ALJ's decision regarding the extent of a plaintiff's impairment(s) to the point of posing a serious

challenge to the ALJ's RFC assessment, it may be inappropriate
for the ALJ to reach an RFC determination without expert medical
assistance.  Wells v. Colvin, 727 F.3d 1061, 1071-1072 (10th Cir.
2013) (in Wells, the ALJ rejected 3 medical opinions, finding
that they were inconsistent with the other evidence in the file;
the court directed the ALJ, on remand, to carefully reconsider
whether to adopt the restrictions on plaintiff's RFC detailed in
the medical opinions, or determine whether further medical
evidence is needed on this issue).

The ALJ, when considering only the opinion of Dr. Adams,
stated that the "overall evidence shows that the claimant has no
restrictions on his ability to interact with others" (R. at 78).
Certainly, the ALJ can rely on evidence other than medical
opinion evidence, including treatment records (in this case,
treatment records from the VA and COMCARE), to conclude that a
particular limitation by a medical source will not be included
in the RFC findings.  However, the ALJ, in discounting the
opinion of Dr. Adams, only referenced the overall evidence.  In
her decision, the ALJ never mentioned any specific evidence,
that addresses or is relevant to the issue of whether plaintiff
is limited in his ability to interact with the general public,
or that provides a legitimate basis for discounting the opinion
of Dr. Adams that plaintiff is limited to jobs that require
infrequent interaction with the general public.

In the case of <u>Ringgold v. Colvin</u>, 2016 WL 1297817 at *4 (10th Cir. April 4, 2016), the court held that conclusory reasoning, which did not explain how or why the specific limitations in Dr. Crall's opinion are inconsistent with the medical evidence or with her daily activities, was inadequate to explain the ALJ's rejection of the medical opinion.  In <u>Knight v. Colvin</u>, 756 F.3d 1171, 1176 (10th Cir. 2014), the court found error when the ALJ simply offered a boilerplate credibility assertion without any reference to the evidence.  The court held that findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.

On remand, the ALJ must consider and discuss all of the medical opinions, including the opinions of Dr. Adams and Dr. McRoberts.  In making his/her RFC findings, the ALJ is permitted, and indeed required, to rely on all of the record evidence, including but not limited to medical opinions in the file.  However, the ALJ cannot make conclusory or boilerplate assertions (such as the "overall evidence") when discounting medical opinion evidence.  The ALJ must specifically discuss what evidence provides the basis for discounting a medical source opinion.

IT IS THEREFORE ORDERED that the judgment of the Commissioner is reversed and remanded pursuant to sentence four

of 42 U.S.C. § 405(g) for further proceedings consistent with this memorandum and order.

Dated this 3rd day of August 2016, Topeka, Kansas.


s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge